```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| KATHLEEN T. MALLOY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY | : | |
| OF AMERICA, | : | |
| Defendant | : | No. 02-2636 |

<u>ORDER</u>

AND NOW, this _____ day of June, 2002, upon consideration of the defendant's Motion to Dismiss the Complaint (Docket #3), and the plaintiff's Response thereto (Docket #4), IT IS HEREBY ORDERED that the Motion is GRANTED because the plaintiff has conceded that her state law claims are preempted by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1011 <u>et seq.</u> ("ERISA").  Because the Complaint alleges claims which relate to the quantum of benefits and administration of the ERISA plan, the Complaint is hereby converted into a federal claim under Section 502(a) of ERISA, 29 U.S.C. § 1132(a).  <u>See</u> <u>In re U.S. Healthcare, Inc.</u>, 193 F.3d 151, 160 (3d Cir. 1999) (noting that completely preempted state claims are necessarily federal in character, and thus are converted into federal claims); <u>Dukes v. U.S. Healthcare, Inc.</u>, 57 F.3d 350, 356-57 (3d Cir. 1995) (claims regarding the quantity of benefits

relate to the administration of an ERISA plan, and are completely preempted under Section 502(a) of ERISA).

                        BY THE COURT:

                        _____
                        MARY A. McLAUGHLIN, J.